# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**PABLO J. FIGUEROA-VAZQUEZ,**

   Plaintiff,

      v.

**DEPARTAMENTO DE CORRECCION Y REHABILITACION DE PUERTO RICO, ET AL.,**

   Defendants.

CIVIL NO. 19-1980 (PG)

## OPINION AND ORDER

**I.    BACKGROUND**

On October 15, 2019, plaintiff Pablo J. Figueroa-Vazquez ("Figueroa" or "Plaintiff") filed the above-captioned claim against the Commonwealth of Puerto Rico and its Department of Corrections and Rehabilitation ("DCR"). See Docket No. 3. At the outset, Figueroa moved to proceed in forma pauperis (Docket No. 1) and this court granted his request (Docket No. 4). The Plaintiff, an inmate in a state institution, complains that defendants violated his civil rights by providing him with only two (2) daily hours of active recreation, but failing to "give him his hours in passive recreation" (Docket No. 3-1 at 2). In addition, Plaintiff asserts that the correctional institution in which he is an inmate does not "have regular services" of psychological or psychiatric psychotherapy for his "Post Traumatic Stress Disorder" or to "treat his Major Depression condition" (Docket No. 3-1 at 2). Further, Plaintiff alleges that he has not been given medication to treat his mental health conditions and has been threatened by correctional guards in order to deter him from filing an administrative claim (Docket No. 3-1 at pages 2-3).

In his petition form, Figueroa states that he has filed grievances and requests for reconsideration, to no avail. See Docket No. 3 at page 3. As a result, Plaintiff now filed the above-captioned claim seeking economic compensation from the Commonwealth of Puerto Rico and its dependency—the DCR—for the alleged discrimination, injury and prejudice suffered due to the conditions of his confinement. See Docket No. 3.

On December 18, 2019, the Commonwealth of Puerto Rico and the DCN filed a motion to dismiss arguing that defendants are immune from suit pursuant to the Eleventh Amendment and that Plaintiff has failed to exhaust administrative remedies. See Docket No. 14. Instead of filing a response in opposition, Plaintiff filed a one-page motion for summary judgment reiterating the violation to his constitutional rights and requesting a hearing. See Docket No. 20.

After a thorough review of the complaint and the pending motions, the court **GRANTS** defendants' motion to dismiss for the reasons explained below.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Even though detailed factual allegations are not necessary for a complaint to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Those nonconclusory factual

allegations that the court accepts as true must be sufficient to give the claim facial plausibility. See Quiros v. Munoz, 670 F. Supp. 2d 130, 132 (D.P.R. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

When deciding motions to dismiss, the analysis of the courts is not limited solely to the facts alleged in the complaint. See Rederford v. US Airways, Inc., 586 F. Supp. 2d 47, 50 (D.R.I. 2008). A court may consider the complaint alongside any "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005). Furthermore, courts may consider documents that are "integral or explicitly relied upon in a complaint, even if that document is not annexed to the complaint." Id.

### III. DISCUSSION

#### A. Eleventh Amendment Immunity

In the motion to dismiss, defendants argue that the case must be dismissed because the Eleventh Amendment of the United States Constitution bars the instant suit for monetary relief in federal courts. See Docket No. 14. The court agrees.

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. amend. XI. The Eleventh Amendment thus bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. See Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir.2006); Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir.2003); Futura Dev. v. Estado

Libre Asociado, 144 F.3d 7, 12–13 (1st Cir.1998). "[F]or Eleventh Amendment purposes, the Commonwealth [of Puerto Rico] is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay–Sánchez v. Pereira, 343 F.Supp.2d 65, 71–72 (D.P.R.2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir.1993)). Also, "[a]n administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir.2009) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). Since "the Department of Corrections and Rehabilitation is an arm of the state, it cannot be sued in federal court, and hence, it is immune from suits under the Eleventh Amendment." Johnson v. Departamento De Correccion y Rehabilitacion, No. CV 16-1400 (DRD), 2017 WL 2589273, at *7 (D.P.R. June 14, 2017).

Pursuant to the foregoing, Plaintiff cannot maintain claims for monetary damages against the Commonwealth and the DCR. Thus, the court **GRANTS** defendants' request for dismissal on Eleventh Amendment grounds. Plaintiff's claims for monetary damages against defendants are hereby **DISMISSED**.

### B. Failure to Exhaust Administrative Remedies

Defendants also argue that Plaintiff failed to comply with the Prison Litigation Reform Act's mandatory requirement of exhausting all available administrative remedies. Specifically, defendants aver that although Plaintiff filed administrative claims within the DCR, he did not seek a reconsideration of some of the relevant determinations and did not request judicial review of any of these before the Puerto Rico Court of Appeals.[1] See Docket No. 14.

---

[1] In support of this contention, defendants affirmed having searched on the State Court platform www.ramajudicial.pr and on Westlaw Next platform to confirm that Plaintiff's allegations or administrative claims were not appealed before the P.R. Court of Appeals. See Docket No. 14 at page 2.

Claims arising under the Prison Litigation Reform Act of 1995 ("PLRA") require exhaustion of administrative remedies prior to filing suit in court. Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "The failure to exhaust administrative remedies is an affirmative defense that 'must be raised and proved by the defense.'" Rodriguez Rodriguez v. Garcia, No. CIV. 09-1094 JAF/JP, 2011 WL 6057746, at *1 (D.P.R. Dec. 6, 2011) (citing Cruz–Berrios v. Gonzalez–Rosario, 630 F.3d 7, 11 (1st Cir.2010)).

The prisoner must exhaust administrative remedies even if the administrative procedures "would appear to be futile at providing the kind of remedy sought." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In fact, even if the plaintiff seeks monetary relief which the prison administrative process does not encompass, the inmate is still not excused from completing the prison administrative process. See Lopez-Vigo v. Puerto Rico, No. 13-1071, 2014 WL 495721, at *3 (D.P.R. February 06, 2014) (citing Booth v. Churner, 532 U.S. 731 (2001)); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006). "[P]ursuant to the PLRA, exhaustion of all available administrative remedies is 'mandatory' and 'a prerequisite to suit.'" Arroyo-Morales v. Administracion de Correccion, 207 F. Supp. 3d 148, 151 (D.P.R. 2016) (citing Porter, 534 U.S. at 524).

The applicable administrative remedies are defined not by the PLRA, but by the prison grievance process itself. See <u>Tomassini v. Correctional Health Services Corp.</u>, No. 09-2059, 2012 WL 1601528, at *1 (D.P.R. May 07, 2012) (citing <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007)). "Accordingly, to determine the relevant boundaries of exhaustion in this case, the Court must look to the particulars of the [DCR's] internal grievance process." <u>Arroyo-Morales</u>, 207 F. Supp. 3d at 151. The Puerto Rico Department of Corrections and Rehabilitation has adopted administrative rules and regulations for the application and review of requests for administrative remedies by incarcerated inmates. See <u>Torres Garcia v. Puerto Rico</u>, 402 F.Supp.2d 373, 379 (D.P.R. 2005). The DCR's "Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population" sets forth the grievance procedures for inmates under their custody. See Regulation No. 8145 of January 19, 2012; <u>see also</u> <u>Cruz-Berrios v. Oliver-Baez</u>, 792 F.Supp.2d 224, 228-229 (D.P.R. 2011) (detailed description of the proceeding set forth in Regulation No. 8145).

> That procedure basically consists of five tiers of review, as follows: (1) review of the prisoner's petition by an evaluator, (2) an appeal, following the evaluator's response, to the regional coordinator, (3) a motion to have the regional coordinator reconsider his decision, (4) an appeal to the program director if the prisoner is unsatisfied with the regional coordinator's resolution, and (5) a request for judicial review before the Puerto Rico Court of Appeals.

<u>Arroyo-Morales</u>, 207 F. Supp. 3d at 152. "If an inmate fails to pursue even one of these steps, he has failed to exhaust his administrative steps fully as required by the PRLA." <u>Cruz-Berrios v. Puerto Rico Dep't of Correction & Rehab.</u>, No. CV 16-3155 (RAM), 2019 WL 5858157, at *4 (D.P.R. Nov. 8, 2019) (citing <u>Arroyo-Morales</u>, 207 F. Supp. 3d at 151).

In the case at hand, it stems from the complaint itself that although Figueroa has filed grievance procedures in the institution he is in, he admits not having filed suit in court regarding the facts of his grievances. See Docket No. 3 at pages 1, 4. Hence, Plaintiff failed to comply with the final step of the exhaustion requirement, to wit, seeking judicial review of the Department's determinations. Moreover, defendants also evince that Figueroa did not even request a reconsideration of some of these determinations, thereby falling even shorter in the process. See Docket No. 14 at page 13; Docket No. 14-1; Docket No. 17 (Certified Translation). "In other words, by pursuing only some of the steps available and not appealing any of the decisions issued as part of the grievance procedure, Plaintiff failed to exhaust the administrative remedies available to him." Torres-Vega v. Administracion De Correccion, No. CIV. 14-1015 JAG, 2015 WL 3720250, at *3 (D.P.R. June 15, 2015).

Because "unexhausted claims cannot be brought in court," Jones v. Bock, 549 U.S. 199, 211 (2007), it follows that Figueroa's claims must be dismissed on those grounds.

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss (Docket No. 14) is hereby **GRANTED** and plaintiff Figueroa's claims against the Commonwealth and the DCR are hereby **DISMISSED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, February 12, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**